IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-04474-8-ATS |
| | ) | |
| CATHY D. SEBASTIAN | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| DEBTOR(S). | ) | |

MOTION TO DISMISS CHAPTER 7 PROCEEDING
PURSUANT TO 11 U.S.C. § 707(b)(3)

Now comes the Bankruptcy Administrator for the Eastern District of North Carolina and moves the Court for an order dismissing the debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(b)(3). The Bankruptcy Administrator supports the motion in the following:

GENERAL ALLEGATION AND JURISDICTION

1. The debtor filed a voluntary petition for Chapter 7 relief on May 28, 2009. The § 341 first meeting of creditors was held on June 30, 2009.

2. Bankruptcy Rule 1017(e) requires that a motion to dismiss case due to abuse must be filed within 60 days of the date of the first scheduled § 341 meeting of creditors. This motion is timely filed pursuant to B.R. 1017(e).

DEBTORS' SCHEDULES, STATEMENT OF AFFAIRS AND FORM 22A

3. Debtor's schedules state that she has $88,612.00 of secured debts, $0.00 of priority unsecured debts, and $37,973.44 of non-priority unsecured debts. Debtor's debts are primarily consumer debts.

4. The debtor is married. The debtor states that her spouse, two adult children, and a grandchild reside in her household. The debtor states that her household size is five.

5. Schedule I of the debtor's petition states that she is an administrative assistant with Coldwell Banker Advantage. She states on Schedule I that her gross monthly wages are $2,650.00. On Schedule I, she deducts from her wages the following: taxes ($638.72). She states that her spouse is a supervisor with Certainteed Corporation. She states that he earns $8,192.57 in gross wages per month. He deducts from this wages taxes in the amount of $3,743.87 per month. The debtor further states that her two adult children dedicate $465.24 per month to the household. The debtor states that her net household income is $6,925.22.

6. The debtor's Schedule J reflects acceptable monthly expenses with the exception of four areas. On line 13b of Schedule J, the debtor states that she pays $164.00 per month to RBC Centura, and states that the debt is secured by her mother's certificate of deposit. This payment appears to be for an unsecured debt of the debtor and should be ratably distributed to her creditors. The debtor also deducts $235.00 per month on line 17 for "Emergencies/Miscellaneous." This amount should also be ratably distributed to the unsecured creditors. The debtor also deducts $350.00 per month for entertainment expenses. This amount appears to be excessive. Lastly, but not the least concern, the debtor deducts for the non-filing spouse the sum of $1,035.00 per month, which represents a payment to Washington Mutual. The debtor deducts this amount on line 1 for her mortgage payment. Washington Mutual is scheduled as a secured creditor and the collateral is her home. Thus, it appears that this expense is taken twice on Schedule J, and thereby, not accurately reflecting the debtor's monthly living expenses.

7. The Bankruptcy Administrator believes that the non-filing spouse's income has been under reported on Schedule I. The debtor provided bank statements to the

Bankruptcy Administrator. In the sixty days prior to filing, it appears that the non-filing spouse deposited a total of $6,000.00 into the bank account. The sums deposited appear to be in the form of compensation.

## BASIS FOR DISMISSAL

8. The debtor's should be dismissed pursuant to 11 U.S.C. § 707(b)(3). The debtors have overstated their monthly living expenses, and have the ability to pay their creditors. The debtor resides in a home that is excessive for his income, and has a reasonable housing alternative. The financial condition of the debtor demonstrates abuse based on the totality of the circumstances.

WHEREFORE, the Bankruptcy Administrator respectfully moves the court for entry of an order which grants dismisses the debtor's case pursuant to 11 U.S.C. § 707(b)(3); and any other relief that this court may deem just and equitable.

Respectfully submitted, this 31st day of August, 2009.


/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
Ohio Supreme Court No. 0069617

## CERTIFICATE OF SERVICE

I, C. Scott Kirk, of P.O. Box 3758, Wilson, North Carolina, 27895-3758, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18)

That on the 31st day of August, 2009, I served copies of the foregoing document on the following:

John T. Orcutt, Esq.
Attorney for Debtor
(served electronically)

Holmes P. Harden
Chapter 7 Trustee
(served elecontronically)

by electronic service via cm/ecf, and

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail on August 31, 2009 to the following:

Cathy D. Sebastian
P.O. Box 1034
Creedmoor, NC  27522

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of August, 2009.


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
Ohio Supreme Court No. 0069617